UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONE DWAYNE MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAINT PAUL MAYOR CHRISTOPHER B. COLEMAN, CHIEF OF POLICE JOHN HARRINGTON AND THE SAINT PAUL POLICE DEPARTMENT, and SHERIFF JOHN DOE RAMSEY COUNTY SHERIFFS DEPARTMENT,<br><br>    Defendants. | Civil No. 07-3956 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 3), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff's complaint provides only a vague and confusing outline of the factual background of this case. As far as the Court can tell, Plaintiff was arrested in St. Paul, Minnesota, in April 2003. He apparently was taken into custody, and charged with eleven counts of "criminal vehicular operation." (Complaint, [Docket No. 1], p. 2.)

Plaintiff alleges that even though the criminal charges against him eventually were dismissed, those charges are still somehow causing him to be deprived of his driver's licence. Plaintiff's complaint also includes several other vague and conclusory allegations, including "obstruction of justice," "assault," "fraud," "rape," "wrongful seizure," "wrongful imprisonment," and "conspiracy."

Plaintiff is attempting to bring this action under 42 U.S.C. § 1983. He seems to be claiming that his federal constitutional rights were violated by the police officers who allegedly apprehended him and detained him. However, Plaintiff is not presently attempting to sue the officers who allegedly took him into custody. Instead, he is attempting to sue the Mayor of the City of St. Paul – Christopher B. Coleman, the Chief of Police for the City of St. Paul – John Harrington, the St. Paul Police Department, and "Sheriff John Doe Ramsey County Sheriff's Department." Plaintiff evidently believes that the named Defendants should be liable for the alleged constitutional infractions of the individuals who allegedly apprehended and detained him.

Plaintiff is seeking a judgment against the named Defendants for compensatory and punitive damages. He is also seeking various forms of injunctive relief.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Here, the Court finds that, even with the benefit of liberal construction, (see id. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint fails to state an actionable claim against any of the named Defendants.

To state a cause of action under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complaint must include specific factual allegations showing that the named Defendants <u>personally</u> violated the plaintiff's federal constitutional rights. An employer or supervisor cannot be held vicariously liable for the alleged constitutional misdeeds of an employee or subordinate, because the doctrine of respondeat superior does not apply to § 1983 claims. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).

In this case, there are no allegations suggesting that St. Paul's Mayor or Police Chief was personally involved in, or even knew about, any of the facts and circumstances cited in Plaintiff's complaint. (In fact, Plaintiff expressly alleges that Defendant Mayor Christopher Coleman and Defendant Police Chief John Harrington should be "<u>excluded from this lawsuit</u> for they were not in Public Office during the misconduct of these other public officials and should not be held accountable for actions previous to their appointment of Public Office." (Complaint, p. 5; [emphasis added].)) It therefore appears that Plaintiff must be attempting to sue the Mayor and the Police Chief based solely on the alleged acts or omissions of their subordinates, i.e., the individual police officers who allegedly apprehended Plaintiff and took him into custody. But again, such claims of vicarious liability are simply not cognizable in a § 1983 action such as this one. <u>Miller v. Compton</u>, 122 F.3d 1094, 1100 (8th Cir. 1997).

The Court recognizes that a municipality, such as the City of St. Paul, or a municipal supervisory official, such as the City's Mayor or Police Chief, can be sued under § 1983, if the plaintiff's complaint includes specific factual allegations showing that the municipality or municipal supervisory official has adopted some particular policy, custom or practice that caused a violation of the plaintiff's federal constitutional rights. <u>City of Canton v. Harris</u>, 489

U.S. 378, 386-87 (1989).  See also Angarita v. St. Louis County, 981 F.2d 1537, 1546 (8th Cir. 1992) ("[a] municipality may be held liable under section 1983 only if a municipal custom or policy caused the deprivation of [a] right protected by the constitution or federal laws"). However, Plaintiff's current complaint does not identify any municipal policy, custom or practice that allegedly caused his constitutional rights to be violated.  Indeed, Plaintiff seems to claiming that his constitutional rights were violated because the police officers who arrested and detained him did not follow, but acted in violation of, applicable "City regulations, policies, ordinances, customs and procedures."  (Complaint, p. 1, ¶ 1.)

Furthermore, a plaintiff who is attempting to sue a municipality or a municipal supervisory official under § 1983 must plead more than just conclusory allegations; the complaint must describe some specific municipal policy, custom or practice on which the plaintiff's claims are based.  See Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion) (an actionable policy or custom cannot be inferred from a single instance of unconstitutional activity); Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir.1993) ("mere assertion... that a municipality has such a custom or policy," which purportedly caused a violation of the plaintiff's constitutional rights, "is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference").

Again, Plaintiff's current complaint does not identify any specific municipal policy, custom or practice that purportedly caused some St. Paul police officer(s) to allegedly violate his federal constitutional rights.  Therefore, Plaintiff has failed to state an actionable civil rights claim against the City of St. Paul, or its Mayor or Police Chief.[1]

---

[1] The Court further notes that Plaintiff's apparent attempt to sue "the City of St. Paul Police Department," as a separate and distinct Defendant, must be rejected, because a

The Court also finds that there are no allegations that would support a § 1983 claim against the Defendant identified as "Sheriff John Doe Ramsey County Sheriff's Department." Plaintiff has not alleged any facts suggesting that the Sheriff for Ramsey County personally did anything, (or failed to do anything), that could be viewed as a violation of Plaintiff's federal constitutional rights; nor has Plaintiff alleged any facts suggesting that his federal constitutional rights were violated as a result of any policy, custom or practice of the Ramsey County Sheriff's Department.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii). The Court will further recommend that Plaintiff's pending motion for appointment of counsel be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

Finally, the Court notes that Plaintiff's complaint in this case is essentially the same as one that he filed in another action brought in this District last year – Miller v. Coleman, No. 06-1831 (PJS/JJG). That action was summarily dismissed, based on a report and recommendation very similar to the one entered here. The Court further notes that Plaintiff

---

police department is not a cognizable legal entity that can be sued as such. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (same).

has filed four other civil actions in this District during the past six months, and all of those actions have been summarily dismissed, or are awaiting a final ruling on a report and recommendation calling for summary dismissal.[2] In light of Plaintiff's inauspicious litigation history, it appears that it may be necessary to impose some restrictions on his ability to file any more actions in this District in the future. Although this Court will not recommend that such restrictions be imposed here, Plaintiff is now forewarned that if he files any more patently deficient lawsuits in the future, he may lose his right of unfettered access to the federal court.

**IV. RECOMMENDATION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be DENIED;

2. Plaintiff's "Request for Appointment of Counsel," (Docket No. 2), be DENIED; and

3. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September __19__, 2007

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 9, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs

---

[2] Those four cases are Miller v. Campion, No. 07-1858 (PJS/RLE); Miller v. State of Minnesota, No. 07-1972 (PJS/RLE); Miller v. Swanson, No. 07-3760 (JNE/JJG); Miller v. Minnesota Public Housing Authority, No. 07-3761 (PAM/JSM).

filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.