UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONE DWAYNE MILLER, | Civil No. 07-3956 (JRT/FLN) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| CHRISTOPHER B. COLEMAN, City of Saint Paul Mayor; SERGEANT JOHN HARRINGTON, Chief of Police; CITY OF ST. PAUL POLICE DEPARTMENT; and SHERIFF JOHN DOE, Ramsey County Sheriff's Department, | |
| Defendants. | |

Tyrone D. Miller, 5118 Fourth Street NE, Columbia Heights, MN 55421 *pro se* plaintiff.

Plaintiff Tyrone Miller brought a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1). In a Report and Recommendation dated September 20, 2007, United States Magistrate Judge Franklin L. Noel recommended that this Court deny the motion. Miller now objects to the Magistrate Judge's recommendation. The Court has conducted a *de novo* review of Miller's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court adopts the Report and Recommendation and denies Miller's motion to proceed IFP.

Miller's complaint alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. According to the complaint, Miller was arrested in April 2003 and charged with

eleven counts of "criminal vehicular operation." (Compl. ¶¶ 1-2.) The charges were eventually dismissed. Miller appears to allege, among other claims,[1] that he is unable to obtain a driver's license as a result of these criminal proceedings, and that he was wrongfully seized and "assaulted with a needle" by hospital personnel. Miller also alleges that his rights under the Fourth and Fourteenth Amendments were violated. Miller asserts these claims against the Mayor of Saint Paul, the Chief of Police in Saint Paul, the Saint Paul Police Department, and Ramsey County Sheriff John Doe.[2]

Under the Prisoner Litigation Reform Act, the Court may dismiss an action brought in conjunction with a motion to proceed IFP at any time if "the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). Miller's § 1983 claims must allege facts that, if proven true, would show that the named defendants violated his federal constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Miller must also plead facts showing each defendant's personal involvement in or responsibility for the alleged constitutional wrongdoing. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).

The Court agrees that Miller's motion to proceed IFP should be denied and the action dismissed because his complaint fails to state a claim. Even construing Miller's

---

[1] Miller's complaint includes vague and obscure allegations of obstruction of justice, fraud, assault, wrongful seizure, and conspiracy.

[2] The Court notes that Miller has filed four other civil actions in the District of Minnesota during the past six months, all of which have either been dismissed or are awaiting a final ruling on a Report and Recommendation recommending summary dismissal. *Miller v. Campion*, No. 07-1858 (PJS/RLE); *Miller v. State of Minnesota*, No. 07-1972 (PJS/RLE); *Miller v. Swanson*, No. 07-3760 (JNE/JJG); *Miller v. Minn. Pub. Housing Auth.*, No. 07-3761 (PAM/JSM).

*pro se* pleadings liberally, *see Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984), the complaint fails to allege that either the Saint Paul Mayor or its Chief of Police had any personal involvement in or responsibility for the alleged constitutional violations. *See McKay v. Hammock*, 730 F.2d 1367, 1374 (10th Cir. 1984) (finding dismissal appropriate unless plaintiff pleads an "affirmative link" between the constitutional violation and the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise"). Further, to the extent Miller alleges vicarious liability on the part of the Mayor and Chief of Police for the actions or omissions of their subordinates, his § 1983 claims must fail. In the context of § 1983, an employer or supervisor cannot be held liable for the actions of his employees under a theory of respondeat superior. *See Miller v. Compton*, 122 F.2d 1094, 1100 (8th Cir. 1997).

A municipality or supervisory official may also be held liable under § 1983 if a plaintiff can show that the alleged constitutional violations resulted from a particular policy, custom, or practice. *City of Canton v. Harris*, 489 U.S. 378, 386-87 (1989). However, Miller's complaint contains no allegations of a policy, custom, or practice that caused a violation of his constitutional rights. Indeed, the complaint appears to allege that Miller's constitutional deprivations stemmed from violations of "City regulations, policies, ordinances, customers and procedures of the City of Saint Paul." (Compl. ¶ 1.) Nor has Miller alleged facts showing that the City's failure to train its officers resulted in the alleged constitutional deprivations. *See Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006) (stating that municipal liability for a failure to train arises only if the failure to train amounts to deliberate indifference to a defendant's constitutional rights). The Court

therefore finds that Miller has failed to state a cause of action under § 1983 against the City of Saint Paul, its Mayor, or its Police Chief.

Miller's complaint also fails to state a claim against the City of Saint Paul Police Department and Sheriff John Doe of the Ramsey County Sheriff's Department.  As noted by the Magistrate Judge, a police department is a subdivision of city government and is not a separate legal entity that can be sued as such.  *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).  Similar to Miller's claims against the Mayor and Police Chief, his § 1983 claim contains no particular allegations that the Ramsey County Sheriff was personally involved in or responsible for the alleged constitutional deprivations, or that the deprivations were caused by some specific policy, practice, or custom of the Ramsey County Sheriff's Department.

In sum, Miller's complaint fails to state a § 1983 claim against the named defendants in this action.  The Court therefore denies Miller's motion to proceed IFP and dismisses this action.[3]

---

[3] Miller also filed a motion for appointment of counsel in this matter. The Court denies the motion based on its finding that Miller has failed to state a claim on which relief may be granted.  *See Edgington v. Mo. Dep't of Corrs.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 5] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated September 20, 2007 [Docket No. 4]. **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed *in forma pauperis* [Docket No. 3] is **DENIED**.

2. Plaintiff's Motion to Appoint Counsel [Docket No. 2] is **DENIED**.

3. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2008                  s/ John R. Tunheim
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                  United States District Judge