UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONE DWAYNE MILLER, | Civil No. 07-3956 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CITY OF SAINT PAUL MAYOR CHRISTOPHER B. COLEMAN, CHIEF OF POLICE JOHN HARRINGTON AND THE SAINT PAUL POLICE DEPARTMENT, and SHERIFF JOHN DOE RAMSEY COUNTY SHERIFFS DEPARTMENT, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Motion For A Relief From Judgment Or Order Pursuant To Federal Rules Of Civil Procedure Rule 60." (Docket No. 8.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's pending motion be denied.

Plaintiff commenced this action by filing a self-styled complaint seeking relief under 42 U.S.C. § 1983. He did not pay any filing fee for this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). This Court reviewed Plaintiff's IFP application and complaint, and found that the complaint failed to state a cause of action on which relief could be granted. It was therefore recommended that Plaintiff's IFP application should be denied, and that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (See Report and Recommendation, ["R&R"], dated September 19, 2007; [Docket No. 4].)

Plaintiff objected to that recommendation, (see Docket No. 5), which caused the District Court Judge to conduct a de novo review of the matter. Based on that review, the District Court Judge adopted this Court's recommendation, and ordered that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (See Order dated March 31, 2008; [Docket No. 6].)

On August 4, 2008, Plaintiff filed his present motion, which states that he is "making a request to this Court for a Relief from Judgment or Order based on FRCP 60(b) For Newly Discovered Evidence, Inadvertence, Excusable Neglect, Mistake." Plaintiff apparently is asking the Court to set aside the prior order and judgment that cause this action to be dismissed.

Rule 60(b)(1) of the Federal Rules of Civil Procedure authorizes a federal court to grant relief from a final judgment or order, upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(2) authorizes a court to grant such relief upon a showing of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."

However, Plaintiff cannot be granted relief under Rule 60(b)(1) or Rule 60(b)(2), (or under any other part of Rule 60), because he has not presented any facts or circumstances upon which such relief could be granted. Plaintiff has not identified any "mistake, inadvertence, surprise, or excusable neglect" that could warrant relief under Rule 60(b)(1), nor has he identified any new evidence relevant to his claims that could warrant relief under Rule 60(b)(2). Because Plaintiff has not shown any viable grounds for granting any relief under Rule 60, the Court will recommend that his pending motion be denied.

RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

Plaintiff's "Motion For A Relief From Judgment Or Order Pursuant To Federal Rules Of Civil Procedure Rule 60," (Docket No. 8), be DENIED.


Dated: August  11 , 2008

                                           s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 28, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.